IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**AMAAD JAMAAL BRANTLEY,**

**Petitioner,**

v.                                                             **CIVIL ACTION NO. 2:16cv383**
                                                                       **CRIMINAL ACTION NO. 2:11cr58**

**UNITED STATES OF AMERICA,**

**Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Amaad Jamaal Brantley's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). ECF No. 506. This opinion has been amended to consider the merits of Petitioner's claim in compliance with the United States Court of Appeals for the Fourth Circuit's ("Fourth Circuit") ruling in *United States v. Brantley*, No. 16-7759, 2021 WL 3183680, at *1 (4th Cir. July 28, 2021).[1] The Government opposed the motion, ECF No. 781, and Petitioner replied. ECF No. 784. Having reviewed the Motion and filings, the Court finds that a hearing is not necessary. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 8, 2011, Petitioner was named in a fifty-nine count Indictment and charged with eight Counts. Indict., ECF No. 3. On August 4, 2011, Petitioner pled guilty to Counts One and Nineteen pursuant to a written plea agreement. Guilty Plea Mins., ECF No. 203; Plea Agreement, ECF No. 204. On January 5, 2012, the Court adjudged Petitioner and found him

---

[1] On appeal, the Fourth Circuit vacated this Court's October 28, 2016, Memorandum Opinion and Order, which denied Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence. *See Brantley*, 852 Fed. App'x at 107 (vacating the district court's order and remanding for consideration of the § 2255 motion in light of the Fourth Circuit's decision in *In re Thomas*, 988 F.3d 783 (4th Cir. 2021)).

guilty of both counts. ECF Nos. 417. Petitioner was convicted of participating directly or indirectly in the affairs of an enterprise, engaged in activities affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c) (Count One) and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Nineteen). J., ECF No. 425. Count Nineteen alleges that Petitioner violated § 924(c) by engaging in a crime of violence in aid of racketeering in violation of 18 U.S.C. § 1959. *Id.* Petitioner was sentenced to 60 months on Count One and 84 months on Count Nineteen, to run consecutively with Count One. *Id.* On August 6, 2021, Petitioner was released from imprisonment.

According to Petitioner's Presentence Investigation Report ("PSR"), which incorporated the Statement of Facts that Petitioner agreed to as part of his plea agreement, Petitioner was a member of the Bounty Hunter Bloods/Nine Tech Gangsters (BHB/NTG) street gang in the Eastern District of Virginia. Presentence Invest. Report ¶ 16, ECF No. 430 ("PSR"); *see also* Statement of Facts, ECF No. 205. BHB/NTG is a criminal enterprise engaged in racketeering activity, including murder, kidnapping, robbery, maiming, assault with a dangerous weapon, and narcotics trafficking. PSR at ¶16. Between 2005 and 2007, Petitioner was involved in several criminal acts in support of the BHB/NTG criminal enterprise, including purchasing and trafficking "crack cocaine," illegally possessing and shooting at a victim with a firearm, and attempting to rob a rival gang member. *Id.* ¶¶ 22-27, 33.

On June 27, 2016, Petitioner filed the instant Motion to vacate his 18 U.S.C. § 924(c) conviction in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). ECF No. 506. The United States moved to dismiss Petitioner's Motion on July 21, 2016. ECF No. 525. On July 26, 2016, Petitioner filed a response to the United States' motion to

dismiss. ECF No. 532. On July 27, 2016, the Government replied. ECF No. 533. On October 28, 2016, the Court issued a Memorandum Opinion and Order denying Petitioner's § 2255 Motion to Vacate as untimely and granting the Government's motion to dismiss. Mem. Op. & Order Deny'g Mot. Vacate, ECF No. 549. On December 23, 2016, Petitioner appealed. Notice Appeal, ECF No. 561. On July 28, 2021, the Fourth Circuit vacated this Court's Order denying Petitioner's § 2255 motion and remanded for this Court to consider the merits of Petitioner's claims in light of the Fourth Circuit's decision in *In re Thomas*, 988 F.3d 783 (4th Cir. 2021), which it decided after this Court's original decision. *Brantley*, 2021 WL 3183680, at *1.

On remand, Petitioner filed an Unopposed Motion to Suspend Briefing and Hold the Case in Abeyance in light of the Fourth Circuit's pending decision in *United States v. Manley*, 52 F.4th 143 (4th Cir. 2022). ECF No. 736. On December 1, 2021, the Court granted the parties' motion and stayed the case. ECF No. 747. On October 26, 2022, the Fourth Circuit affirmed the district court's judgment in *Manley*. *See* 52 F.4th at 153. On November 28, 2022, the Court lifted the stay and ordered the parties to file supplemental briefings on Petitioner's Motion. ECF No. 774. On January 13, 2023, the Government filed its supplemental response in opposition to Petitioner's Motion. ECF No. 781. On January 27, 2023, Petitioner replied in support of his original Motion, claiming that his conviction on Count Nineteen is void after *United States v. Davis*, 139 S. Ct. 2319 (2019). Supp. Mot., ECF No. 784 at 1. Therefore, the matter is now ripe for judicial determination.

## I.  LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . .

3

[to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 (2008). In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to a more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

4

### B. Crimes of Violence under § 18 U.S.C. § 924(c)

At issue here is Petitioner's conviction under § 924(c)(1)(A) and 2 for Possession of a Firearm in Furtherance of a Violent Crime. Petitioner's conviction under § 924(c)(1)(A) and 2 is only valid if it is predicated on a "crime of violence." The controlling federal statute defines "crime of violence" in two alternative ways: (1) through the § 924(c)(3)(A) "force clause," requiring that the predicate offense categorically includes the "use, attempted use, or threatened use of physical force against the person or property of another" as an element of the offense; or (2) through the § 924(c)(3)(B) "residual clause," requiring that the predicate offense "by its nature, involves a substantial risk that physical force" may be used during the offense. 18 U.S.C. § 924(c)(3). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held § 924(c)'s residual clause unconstitutionally vague. Therefore, Petitioner's § 2255 motion can only succeed if he demonstrates that the predicate crime underlying his § 924(c) conviction is not a "crime of violence" under the force clause.

To answer this question, courts employ either the categorical approach or the modified categorical approach. *See United States v. Mathis*, 932 F.3d 242, 263-64 (4th Cir. 2019). Under the categorical approach, courts will "consider only the crime as defined, not the particular facts in the case." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir.), cert. denied, —— U.S. ——, 140 S. Ct. 304, 205 L.Ed.2d 196 (2019). "[I]n cases involving statutes that set out elements in the alternative and thus create multiple versions of the crime, [courts] consider the statute divisible and apply the modified categorical approach." *United States v. Diaz*, 865 F.3d 168, 2017 WL 3159918, at *4 (4th Cir. 2017) (internal quotation marks omitted). The modified approach serves "as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Mathis v. United States*, 579 U.S. 500, 513 (2016). In

5

carrying out the modified categorical approach, courts may examine a limited class of documents, including indictments and jury instructions, to determine which part of the statute the defendant violated. *Descamps v. United States*, 570 U.S. 254, 257 (2013).

### C. VICAR – 18 U.S.C. § 1959

18 U.S.C. § 1959 imposes criminal penalties for committing "violent crimes in aid of racketeering activity" or VICAR. In general, "[t]he VICAR statute defines prohibited conduct by reference to enumerated federal offenses, but also requires that the conduct be 'in violation of the laws of any State or the United States.'" *United States v. Keene*, 955 F.3d 391, 393 (4th Cir. 2020) (quoting 18 U.S.C. § 1959(a)). In other words, a VICAR conviction is premised upon the defendant's other federal and state criminal conduct. Here, the underlying statutory offense for Petitioner's § 924(c) conviction is 18 U.S.C. § 1959(a)(3), which specifically identifies "assault with a dangerous weapon or assault resulting in serious bodily injury" as the generic federal offenses for conviction.

## II. DISCUSSION

Petitioner argues that his § 924(c) conviction should be vacated because Petitioner's VICAR conviction categorically fails as a "crime of violence" after *Davis*. *See* ECF No. 781 ("Supp. Mot."). The Government argues that the categorical approach does not apply to VICAR convictions and should not be used to assess Petitioner's claim for relief. *See* ECF No. 781 at 4-8. For the reasons stated below, Petitioner's argument is without merit.

### A. Petitioner's § 2255 Motion is Timely

On June 26, 2015, the Supreme Court decided *Johnson v. United States*. 576 U.S. 591 (2015). Petitioner's original motion raised *Johnson*-related challenges to his § 924(c) conviction and was filed within the one-year limitations period that ran from the date the Supreme Court

announced its substantive rule in *Johnson*. ECF No. 506. The Court originally denied Petitioner's Motion, holding that Petitioner's claim did not meet the timeliness requirements under § 2255 because the constitutionality of § 924(c)(3)(b) was not affected by the *Johnson* decision. *See* ECF No. 549. However, on appeal the Government withdrew its timeliness defense and the Fourth Circuit held that Petitioner's Motion is properly before this Court because *Johnson* had a retroactive effect in cases on collateral review. *Brantley*, 854 F. App'x at 535 (citing *In re Thomas*, 988 F.3d 783, 786 (4th Cir. 2021)). Therefore, the parties agree that the factual circumstances of Petitioner's § 924(c) conviction permit him to seek relief but disagree as to whether such relief is warranted. Accordingly, the Court finds Petitioner's Motion timely under § 2255(f)(3).

### B. Constitutionality of Petitioner's Conviction on Count Nineteen After *Davis*

Petitioner argues that he is entitled to relief under 28 U.S.C. § 2255(a) because his § 924(c) conviction (1) violates due process, (2) violates the laws of the United States and results in a fundamental miscarriage of justice, and (3) was entered in excess of this Court's jurisdiction. ECF No. 506 at 2. Specifically, Petitioner moves the Court to vacate his sentence on Count 19 because his VICAR conviction (Assault with a Dangerous Weapon in Aid of Racketeering Activity) in violation of 18 U.S.C. § 1959(a)(3) does not qualify as a crime of violence under § 924(c)(3) in light of *Davis*. Supp. Mot. at 1. After *Davis*, only crimes satisfying § 924(c)'s force clause are valid crimes of violence capable of supporting a § 924(c) conviction. *United States v. Said*, 26 F.4th 653, 658 (4th Cir. 2022); *See* 18 U.S.C. § 924(c)(3)(A). Therefore, Petitioner's § 2255 Motion can only succeed if he demonstrates that the predicate crime underlying his § 924(c) conviction is not a crime of violence under the force clause. In accordance with the

Fourth Circuit's decision vacating the Court's original Order, the Court considers the merits of Petitioner's claims below. *See Brantley*, 854 F. App'x at 535.

### i. The Structure of Petitioner's VICAR Assault with a Dangerous Weapon Offense

Petitioner pled guilty to Count 19 for violating § 924(c) by possessing a firearm in furtherance of a crime of violence. ECF No. 203. According to the Indictment, the predicate "crime of violence" for Petitioner's § 924(c) conviction was aiding and abetting the commission of VICAR Assault with a Dangerous Weapon in Count 18, in violation of 18 U.S.C. § 1959(a)(3) and (2). Indict. at 32-33. Petitioner was not convicted of Count 18. *See* ECF No. However, Count 18 serves as the predicate crime of violence underlying Petitioner's 924(c) conviction. *Id.*

1959(a)(3) also requires a predicate crime of violence for conviction. Here, Count 18 is predicated on two Virginia state-law offenses: Va. Code Ann. §§ 18.2-51 (use or display of a firearm in the commission of a felony) and 18.2-282 (brandishing firearm). *Id.* at 32. The Indictment and Statement of Facts that Petitioner admitted to as a part of his guilty plea alleged that Petitioner committed these assaults by shooting at the victim with a firearm and attempting to rob a rival gang member. *See* ECF Nos. 3; 205. To better demonstrate the relationship between these statutes, the Court provides the following illustration:



Under this statutory framework, the parties disagree on whether Petitioner's state violations serve as the predicate crime of violence for Petitioner's 924(c) conviction. Accordingly, the threshold question for the Court is whether the categorical approach applies to VICAR convictions such that Petitioner's 924(c) conviction should be vacated. If not, the Court's analysis of Petitioner's VICAR conviction requires the Court to evaluate whether Petitioner's conduct violated the common law definition of generic assault with a deadly weapon, not whether the law itself is a categorical match for anything.

### ii. The Modified Categorical Approach is the Correct Method to Examine Petitioner's VICAR Offense

Both the strict categorical approach and its modified version, as applied to § 924(c)(3)(A), aid courts in assessing whether the statutory elements of the predicate crime require the force clause elements of "use, attempted use, or threatened use of physical force." Given the Fourth Circuit's rulings in *Mathis*, 932 F.3d at 264-67, the Petitioner urges the Court to employ the categorical approach to assess Petitioner's VICAR offense. Supp. Mot. at 3-9. Under this approach, Petitioner argues that the Court's "crime of violence" analysis must look through the elements of the VICAR offense to examine whether the elements of the charged state-law predicates are a categorical match for the federal crime. *See id.* at 10-12 (arguing that Va. Code Ann. § 18.2-282 does not satisfy the force clause because it is a misdemeanor offense and a person can brandish a firearm "in a manner as to reasonably induce fear in the mind of another" with a *mens rea* of recklessness); *id.* at 12-15 (arguing that Va. Code Ann. § 18.2-53.1 does not qualify as a crime of violence because an individual could be convicted of the offense by using or threatening the use of force against himself or property, rather than "against another"). Relying on *Keene*, the Government argues that the Court should apply the modified

categorical approach to conduct a narrower "crime of violence" analysis that only considers whether Petitioner's generic, federal assault with a dangerous weapon conviction under § 1953(a) satisfies § 924's force clause. *See* ECF No. 781 at 4-8.

Ultimately the Court finds that the categorical approach does not apply to Petitioner's VICAR assault conviction for § 924(c) purposes. Courts within the Fourth Circuit have routinely applied the modified categorical approach when evaluating similar VICAR offenses under a § 2255 Motion. *See United States v. Bryant*, 949 F.3d 168, 173 (4th Cir. 2020); *Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016). The VICAR statute in Count 18 describes multiple predicate offenses, any one of which could serve as the basis for a VICAR conviction. While "assault with a dangerous weapon" under § 1959(a)(3) is Petitioner's offense of conviction, the statute also contemplates murder (§ 1959(a)(1)), maiming (§ 1959(a)(2)), and other criminal conduct (see § 1959(a)(4)-(a)(6)), each with varied elements. Accordingly, the Court finds that Petitioner's VICAR offense must be analyzed using the modified categorical approach, as it lists elements in the alternative, defining different § 1959 offenses based on the predicate violent crime. Under the modified categorical approach, the Court is not limited in considering whether the charged state-law predicate offenses are categorically crimes of violence independent of VICAR and may review other documents in this case when conducted its "crime of violence" analysis. *See In re Thomas*, 988 F.3d 783, 791 (4th Cir. 2021) (explaining that courts are "not limited to considering whether the charged state-law predicate offenses are categorically crimes of violence independent of VICAR").

### iii. Petitioner's VICAR conviction satisfies § 924(c)'s force clause

Finally, the Court considers whether Petitioner's VICAR conviction qualifies as a crime of violence under § 924(c)'s force clause. To make this determination, the Court looks to Count 18 of the Indictment, which charges Petitioner with VICAR Assault with a Dangerous Weapon, in violation of § 1959(a)(3). *See* Indict. at 32. The elements of VICAR Assault are as follows: (1) the organization is a RICO enterprise; (2) the enterprise was engaged in racketeering activity as defined in RICO; (3) the defendant had a position in that enterprise; (4) the defendant committed the alleged *crime of violence in violation of federal or state law*; and (5) the defendant's general purpose in doing so was to maintain or increase position in the enterprise. *See United States v. Zelaya*, 908 F.3d 920, 926-27 (4th Cir. 2018) (emphasis added). At issue here is the fourth element, which is specific to the VICAR predicate and the key element in evaluating whether the VICAR offense has as its own element "the use, attempted use, or threatened use of physical force."

Because 18 U.S.C. § 1959 does not define "assault," the Court looks to the elements of the predicate offense as it is generically defined. *Davis v. United States*, 430 F. Supp. 3d 141, 145 (E.D. Va. 2019); *United States v. Passaro*, 577 F.3d 207, 217-18 (4th Cir. 2009) (explaining that "courts have uniformly recognized that various federal statutes criminalizing assault incorporate the long-established common law definition of that term."). "In its traditional common law usage, the term assault encompasses two types of actions. It can refer either to an unsuccessful attempted battery or to a threatening act which places another person in reasonable apprehension of an imminent physical harm." *Barbeito*, 2010 WL 2243878, at *24. Based on this generic definition of assault, the Court finds that Petitioner's VICAR Assault requires the use or threatened use of physical force. The combining of (1) common law assault with (2) the use of a

dangerous weapon necessarily requires "a physical act, utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately.... [which demonstrates that] force is clearly used or threatened against the victim." *Cousins*, 198 F. Supp. at 626 (citing *United States v. Barbeito*, 2010 WL 2243878, at *24 (S.D.W.Va. June 3, 2010)).

Petitioner argues that the common law definition of assault as applied to VICAR assault with a dangerous weapon is not a crime of violence because: (1) it can be completed recklessly; (2) it impermissibly includes mere possession of a dangerous weapon rather than use; and (3) it can be accomplished by acts not requiring violent force or physical force. Supp. Mot. at 15-20. However, contrary to Petitioner's contentions, mere possession is not included in the common law definition. Moreover, "[f]or a battery-type assault, the weapon would have to make contact with the victim." *Cousins, 198 F. Supp. 3d at* 626. Finally, while simple assault may be committed with recklessness or forcible touching, inherent in placing another in reasonable apprehension of immediate harm with a dangerous weapon is that the offender intended to commit the assault with violent force. *See Diaz*, 2017 WL 3159918, at *9 ("[A]ssault need only be a forcible touching, and there is no evidence that it needs to rise to the level of violent force.") (internal quotation marks omitted) (emphasis added). For these reasons, the Court finds that Petitioner's VICAR Assault with a Dangerous Weapon under § 1959(a)(3) qualifies as a crime of violence and serves as a valid predicate crime for Petitioner's 924(c) conviction even after *Davis*. Accordingly, Petitioner's § 2255 claims regarding the constitutionality of his conviction on Count 19 is without merit.

## C. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May *19*, 2023

Raymond A. Jackson
United States District Judge